IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION



2009 MAR -4 AM 10: 14

CLERK R.Oak
SO. DIST. OF GA.

EDWARD B. BENNETT,

Petitioner,

v.

CIVIL ACTION NO.:CV208-090

DEBORAH HICKEY, Warden; TRACIE
ENNEN; DAVID HUDDSON, Associate
Warden, and U.S. BUREAU OF
PRISONS,

Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Edward Bennett ("Bennett"), who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Bennett filed a Traverse. For the reasons which follow, Bennett's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Bennett was sentenced to serve 10 months in prison, followed by a term of supervised release of 26 months, after the United States District Court for the District of South Carolina found that Bennett failed to abide by the conditions of his supervised release. In this petition, Bennett asserts the Bureau of Prisons ("BOP") illegally executed his sentence by refusing to allow him to go to a halfway house before serving

AO 72A
(Rev. 8/82)

ten (10) months in prison. Bennett also asserts the BOP's actions were contrary to 18 U.S.C. § 3624(c) and U.S.S.G. § 7B1.3(c).

Respondent alleges that Bennett failed to exhaust his administrative remedies prior to filing the instant petition, and, accordingly, Bennett's petition should be dismissed. Respondent also alleges that the sentencing court's Judgment precluded placing Bennett in a halfway house before the completion of his ten month prison term.

## DISCUSSION AND CITATION TO AUTHORITY

Respondent contends that Bennett did not complete the BOP's Administrative Remedy Program's requirements prior to filing the instant cause of action. Respondent asserts that the exhaustion of administrative remedies is a necessary antecedent to filing a civil cause of action in federal court, and, because Bennett failed to meet this condition, his petition should be dismissed. Bennett contends it would be futile to follow the administrative remedy process because his term of sentence would end prior to his exhaustion, and "the damage will have been done." (Doc. No. 16, p. 2).

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United

States, 248 F.3d 1299, 1300 (11th Cir. 2001)). The responsibility for computing a sentence lies with the BOP. Gonzalez, 959 F.3d at 212.

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Id. According to these regulations, an inmate shall attempt to resolve any issue he may have informally. 28 C.F.R. § 542.13(a). An inmate dissatisfied with the informal request resolution can file a grievance with the Warden, and the Warden has 20 days to respond. 28 C.F.R. §§ 542.14(a) and 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director. 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons. Id.

The evidence before the Court reveals Bennett did not file an administrative remedy request while he was housed at FCI Jesup addressing his claim that he should have been transferred to a halfway house before his 10 month sentence was completed. (Resp.'t's Ex. 5). Bennett's assertion that exhausting his administrative remedies would be futile is unavailing. See Hicks v. Jordan, 165 F. App'x 797, 799 n.2 (11th Cir. 2006) (reasoning that compliance with statutory exhaustion requirements is not satisfied by a judicial conclusion that these requirements need not apply due to futility). Bennett was required to exhaust his administrative remedies prior to filing his section 2241 petition, and he failed to do so.[1]

---

[1] Bennett moved the District Court of South Carolina for placement in a halfway house on March 20 and June 21, 2008. (S.C.D.C. CR2:04-1089, Doc. Nos. 84, 91). It would appear that Bennett was aware at those times of the basis of his requested relief, and he could have filed an administrative remedy request at any time.

It is unnecessary to address the remaining assertions Respondent sets forth in her Response.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Bennett's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**, without prejudice, based on Bennett's failure to exhaust his administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 4th day of March, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE